**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 0 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**P. S. PRODUCTS, INC.,**                                                **PLAINTIFFS**
**BILLY PENNINGTON, Individually**

v.                              Civil Action No. 4:15 CV724-SWW

**JOBAR INTERNATIONAL, INC.**                                    **DEFENDANTS**

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, individually,

hereafter ("PSP,") by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this

Complaint against defendant Jobar International, Inc., (hereafter "JOBAR") as follows:

### JURISDICTION AND VENUE

1.      This Court retains jurisdiction as patent infringement raises a federal question and

is proper under 28 U.S.C. § 1331.

2.      Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of

Arkansas because the actions which gave rise to the claims presented in this complaint occurred

in Little Rock, Arkansas, within the Eastern District of Arkansas.

3.      Additionally, the Eastern District of Arkansas has personal jurisdiction of the

Defendants. Defendants have maintained substantial, continuous and systematic contacts with the

state of Arkansas through its business dealings with customers in Arkansas. Furthermore,

Defendant marketed its services and provided customer services to the state of Arkansas.

4.      Additionally, The Eastern District of Arkansas has personal jurisdiction of the

Defendants because, among other things, Defendants are engaged in tortuous conduct within the

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

state of Arkansas and in this District, including placing into commerce illegal copies of Plaintiffs' patented products via www.jobar.com, catalogs, tradeshows, third-party sellers and independent sale's agents.

## PARTIES RELEVANT TO
## PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

5.      This action is brought by P.S. Products, Inc., and its president, Mr. Billy Pennington, individually, manufacturers of stun guns and other personal security devices, organized within the state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6.      JOBAR International Inc., (hereinafter "JOBAR") is a corporation organized under the laws of the State of California and its principal place of business located at 21022 Figueroa Street, Carson, CA 907454, with business activities throughout the world and the World Wide Web. JOBAR offers for sale an infringing products and embodies the PSP Tall Gun Concealment Clock patent.

## FACTUAL BASIS FOR THE CLAIMS ASSERTED

7.      The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

8.      The Plaintiffs market and sale its patented products through trade specialty shows, sales associates, retail stores, catalogs and through internet distribution throughout the United States.

9.      The Defendant is a seller and importer of goods from China and sells the goods as retail and wholesale nationwide.

10.     The Defendant uses tradeshow, catalog and business to business activities to sell its products.

11.     The Defendant owns and operates the website www.jobar.com.

12.     In February 2011 PSP begin selling is product Tall Gun Concealment Clock (hereafter "CLOCK") under the brand name "Peace Keeper."

13.     The product is manufactured in China.

14.     PSP filed for a patent on the design of its clock on the March 14, 2013

15.     In August of 2013 PSP attended the ASD Tradeshow in Las Vegas, NV and observed that JOBAR had a clock for sale that embodied PSP's applied for design patent.

16.     Agents of PSP advised John Viagi that there was a pending patent design on the design.

17.     JOBAR has ignored that notice and as of November 18, 2015 the product is for sale on www.jobar.com and many other websites over the world wide web that can be accessed in the current venue.

18.     On March 31, 2015, United States Letters Patent No. US D725,492 S, were issued to the Plaintiffs for an invention for a Concealment Clock. See Exhibit A.

19.     The Plaintiffs owed the patent throughout the period of the Defendants infringing acts and still owns the patent.  See Figures 1 & 2. Below.



20.     The Plaintiffs' product is one of a kind.

21.     The Plaintiffs' designs are its own intellectual property.  No goods of this design existed prior to the Plaintiffs' designs and patents.

22.     The Plaintiffs are the only holder of patents on products of this kind in the United States.

23.     The Plaintiffs makes significant revenue off of the CLOCK

24.     The Plaintiffs have complied with the statutory requirement of placing a notice of Patent Pending and the Letters of Patent on all CLOCKS.

25.     On information and belief the Plaintiffs learned that as early as August 1, 2013 that the Defendant began selling an illegal product that embodied the Plaintiffs' patent.

26.     The Defendant currently has the illegal products on its websites.

27.     The Defendant has sold and continue to sell on their websites illegal copies of the Plaintiffs' patents and contributes to third parties selling illegal copies of the Plaintiffs' patents on its websites.

28.    35 U.S.C. § 271 states in part,

"(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

29.    The Defendant's actions have violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

30.    The Defendant, intentionally, willfully, and wantonly violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

31.    The Defendant without authority placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

32.    The Defendant markets the illegal product under its product line US Patrol.

33.    The Defendant without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

34.    The Defendant has induced individuals and companies to infringe on the Plaintiffs' patented products.  Including, but not limited to, the following companies:

    a.  www.amazon.com

    b.  www.pricefalls.com

    c.  www.walmart.com

    d.  www.shop.com

    e.  www.meritline.com

    f.  www.globalsources.com

    g.  www.alibaba.com

    h.  www.jet.com

    i.  www.ebay.com

j.   www.sears.com

35.   A person with an internet connection may find the Defendants' illegal product on the websites listed above of the Induced Sellers.

37.   The above identified sellers that sell and put the infringing product on their websites all do so with JOBAR's express permission.

38.   In addition to these infringing products, PSP also received from JOBAR knock-off clock, representative pictures of which are provided below. See Fig. 3 Below.

 

39.   The Accused devices available from JOBAR through the websites above violate PSP's patent rights.

40.   PSP's patent embodies the infringing product exposed for sale, offered for sale, and sold through JOBAR induced sellers.

45.     Defendants' exposing for sale, offering for sale, and selling the infringing Accused devices on JOBAR's website violates PSP's intellectual property rights by warehousing and/or offering for sale Accused devices, resulting in facilitation of third-party purchases of Accused Devices that violate PSP's intellectual property rights.

46.     Likewise, on information and belief, at least the JOBAR induced sellers import into the United States the Accused Devices, also violate PSP's intellectual property rights.

47.     JOBAR manages and controls the items that can be exposed for sale, offered for sale, and sold.

49.     JOBAR fulfills the sale of the products purchased by its buyers and induced sellers.

50.     JOBAR profits from the sale of infringing product.

51.     But for JOBAR and the JOBAR induced sellers exposing for sale, offering for sale, and selling the Accused devices, PSP would not have been damaged nor would its intellectual property rights have been infringed.

52.     After receiving notice of PSP's pending patent JOBAR continued to induce third parties to sell counterfeit and illegal products.

53.     JOBAR chose to ignore PSP's notice because of the financial incentives it receives from sales.

54.     JOBAR' s willful and deliberate actions have caused significant harm to PSP.

55.     JOBAR infringe on PSP's patent rights.

56.     JOBAR has induced third parties to infringe on PSP's patent rights.

57.     JOBAR placed in the stream of commerce illegal products that are significantly cheaper than PSP's product.

58.     PSP has lost customers and revenue due to the illegal and infringing products being put in to the stream of commerce by JOBAR.

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT
### 35 U.S.C. § 271

59.     PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

60.     JOBAR infringed upon the rights of PSP's patent by exposing for sale, offering to sell, selling, and importing the infringing product in the United States.

61.     JOBAR will continue to infringe on the patent unless an injunction is granted by this Court.

62.     JOBAR acts are willful, in disregard of, and with indifference to, the rights of PSP.

63.     As a direct and proximate cause of the infringement by JOBAR, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, JOBAR induced sellers Defendants are liable to PSP to the extent of their total profits, but not less than $250, pursuant to 35 U.S.C. § 289.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT BY INDUCEMENT
## 35 U.S.C. § 271(b)

64.     PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

65.     JOBAR has infringed upon the rights of PSP's patent by inducing individuals and companies to infringe upon the rights of PSP's patent.  Including Induced Sellers, but not limited to, listed below.

    a.  www.amazon.com

    b.  www.pricefalls.com

    c.  www.walmart.com

    d.  www.shop.com

    e.  www.meritline.com

    f.  www.globalsources.com

    g.  www.alibaba.com

    h.  www.jet.com

    i.  www.ebay.com

    j.  www.sears.com

66.     JOBAR, with knowledge of PSP's patent rights, has continued to allow the Accused Devices to be exposed for sale, offered for sale, and sold.

67.     JOBAR will continue to induce infringement of the patent through its sales activities unless enjoined by this Court.

68.     JOBAR's acts are willful, in disregard of, and with indifference to, the rights of PSP.

69.     As a direct and proximate cause of the infringement by JOBAR, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, JOBAR is liable to PSP to the extent of its total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendant, and each of them jointly and severally, as follows:

A.     Judgment against the Defendant declaring that the Defendant's actions directly infringe on the Plaintiffs' patents Nos. US D725, 492 S;

B.     Plaintiffs' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C.     Plaintiffs' lost profits with respect to each patent infringement in amounts to be proven at trial;

D.     The Defendants' profits from the illegal product.

E.     Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Defendant's willful infringement;

F.     A declaration that the Plaintiffs' case against the Defendant is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

G.     An award of costs and attorneys' fee to the Plaintiffs; and,

H.      Such other relief as the Court deems just and reasonable.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated:  November 20, 2015

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
P.O. Box 25862
Little Rock, AR 72221
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net



Exhibit A

US00D725492S

(12) **United States Design Patent**
Pennington

(10) **Patent No.:**  **US D725,492 S**
(45) **Date of Patent:**  ✱✱  **Mar. 31, 2015**

(54) **CONCEALMENT CLOCK FOR A FIREARM**

(71) Applicant: **Billy Pennington**, Little Rock, AR (US)

(72) Inventor: **Billy Pennington**, Little Rock, AR (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/448,937**

(22) Filed: **Mar. 14, 2013**

(51) **LOC (10) Cl.** ................................................. **10-01**

(52) **U.S. Cl.**
USPC .............................................. **D10/2; D10/24**

(58) **Field of Classification Search**
CPC ...... G04B 19/00; G04B 19/04; G04B 19/043;
G04B 37/0066; G04B 37/1473; G04B 47/00;
G04B 47/02
USPC ........ D10/1–29, 122–132; D6/401, 432, 559;
D19/64; D22/108; D99/28; 206/216;
368/10, 76, 80, 223, 228, 232, 233,
368/276–282, 285, 294; 434/304
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D2,164 | S | * | 9/1865 | Foote .......................... D10/27 |
| D40,468 | S | * | 1/1910 | Wheaton ...................... D6/401 |
| D43,733 | S | * | 3/1913 | Buckland ..................... D10/26 |
| 2,488,483 | A | * | 11/1949 | Thatcher ...................... 40/429 |
| D176,184 | S | * | 11/1955 | Hancock ...................... D10/26 |
| 2,853,182 | A | * | 9/1958 | Barnett ........................ 206/216 |
| D235,523 | S | * | 6/1975 | Miller .......................... D10/2 |
| 3,930,702 | A | * | 1/1976 | Pichowicz .................... 312/245 |
| D252,430 | S | * | 7/1979 | Oakley et al. ................ D6/432 |
| D273,849 | S | * | 5/1984 | Berges et al. ................ D10/129 |
| D302,137 | S | * | 7/1989 | Leavitt ........................ D10/129 |
| D346,116 | S | * | 4/1994 | Godinger ..................... D10/26 |
| 5,751,667 | A | * | 5/1998 | Nunes .......................... 368/223 |
| D413,271 | S | * | 8/1999 | Wu ............................... D10/2 |
| D416,202 | S | * | 11/1999 | Wu ............................... D10/2 |
| D416,736 | S | * | 11/1999 | Bergin ......................... D6/559 |
| D443,208 | S | * | 6/2001 | Chan ............................ D10/2 |

(Continued)

Primary Examiner — Martie K Holtje
(74) *Attorney, Agent, or Firm* — Joe D. Calhoun

(57)  **CLAIM**
The ornamental design of a concealment clock for a firearm, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a concealment clock for a firearm showing a first embodiment having a dial face of oval-shaped configuration, with the door shown in a closed position;

FIG. **2** is a top plan view of FIG. **1**;

FIG. **3** is a bottom plan view of FIG. **1**;

FIG. **4** is a front elevational view of FIG. **1**;

FIG. **5** is a rear elevational view of FIG. **1**;

FIG. **6** is a left side elevational view of FIG. **1**, the right side being a mirror image thereof;

FIG. **7** is a left side elevational view of FIG. **1** with the door in an opened position and hinged near the top of the case;

FIG. **8** is a perspective view of an alternate embodiment of FIG. **1**, with the door in an opened position and alternately hinged near the bottom of the case;

FIG. **9** is a left side elevational view of FIG. **8**, the right side being a mirror image thereof;

FIG. **10** is a perspective view of a second alternate embodiment of FIG. **1**, with the door in an opened position, and alternately hinged near the left side of the case;

FIG. **11** is a front elevational view of FIG. **10**; and,

FIG. **12** is a perspective view of a third alternate embodiment of FIG. **1**, having a dial face of rectangular configuration and with the door shown in a closed position; FIGS. **2**, **3**, and **5** through **11** being the same for this embodiment, respectively. The hour and minute hands and Roman numerals depicted by broken lines have been shown for the purpose of illustrating features of the concealment clock for a firearm that form no part of the claimed design.

**1 Claim, 11 Drawing Sheets**



## US D725,492 S

Page 2

(56)          **References Cited**

U.S. PATENT DOCUMENTS

D443,829 S  *  6/2001  Robinson ........................ D10/1
D462,276 S  *  9/2002  Hall et al. ........................ D10/2
D601,041 S  *  9/2009  Yadon et al. .................... D10/2
D609,582 S  *  2/2010  Pennington .................... D10/2

D622,161 S  *  8/2010  Yen et al. ........................ D10/2
D635,471 S  *  4/2011  Borders ........................ D10/2
8,096,702 B2 *  1/2012  Grotell et al. ................ 368/294
D675,278 S  *  1/2013  Pennington ................ D22/108
D680,295 S  *  4/2013  Pennington .................... D99/28

* cited by examiner



FIG. 1



## FIG. 2



## FIG. 3



# FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



FIG. 9



FIG. 10



FIG. 11



FIG. 12